**SO ORDERED.**

**SIGNED May 22, 2020.**

_____
**JOHN W. KOLWE**
**UNITED STATES BANKRUPTCY JUDGE**
_____

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| In re:<br>Micah Keith Areno and<br>Angela Dawn Areno<br>                *Debtors* | Case No. 18-20717<br><br>Chapter 7 |
| Redguard, LLC (formerly known as A Box 4 U, LLC),<br>                *Plaintiff*<br><br>v.<br><br>Micah Keith Areno,<br>                *Defendant* | Judge John W. Kolwe<br><br>Adv. Proc. No. 18-2011 |

## RULING ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

      Redguard, LLC filed this adversary proceeding seeking a determination that a debt owed to it by Industrial Safety Modules, LLC ("ISM"), a single-member limited liability company owned by Defendant-Debtor, Micah Keith Areno, is nondischargeable as to Areno personally. Given the lack of any contractual basis to hold Areno liable, Redguard alleges traditional veil piercing doctrines to establish Areno's liability for this debt. Before the Court is Areno's Motion for Summary Judgment, which presents the following question of Louisiana law for decision:

1

> Are the doctrines of "alter ego" and "piercing the corporate veil," which are jurisprudentially created exceptions to the general rule of nonliability of shareholders for corporate debt, equally applicable to limited liability companies to hold their owners liable for company debts?

Areno says "no." His argument is based on La. R.S. § 12:1320, the Louisiana statute that sets forth both the general rule of nonliability of LLC owners for debts of the LLC and the exceptions to this general rule, and two Louisiana Supreme Court cases interpreting that statute—*Ogea v. Merritt*[1] and *Nunez v. Pinnacle Homes, LLC.*[2] Although neither of these cases addressed this question, Areno nonetheless contends the Louisiana Supreme Court's interpretation of § 12:1320 forecloses the application of veil piercing doctrines to limited liability companies, and on that basis he seeks dismissal of this case. Plaintiff, Redguard, LLC, answers "yes," arguing, based on dicta in *Ogea* and decisions of Louisiana's lower courts, that veil piercing doctrines are alive and well in Louisiana to hold owners of limited liability companies liable for company debts when the requirements of those doctrines are met.

Since the Louisiana Supreme Court has not squarely addressed this question, the Court must make an "*Erie* guess" to determine what the Louisiana Supreme Court would decide if faced with this question. Based on the parties' pleadings and the Court's survey of the law, this Court predicts that the Louisiana Supreme Court would also answer "yes," finding that the same policy considerations in piercing the veil of a corporation apply to an LLC. Accordingly, the Court will deny Areno's Motion.

## BACKGROUND

Redguard is in the business of manufacturing blast resistant buildings for sale or lease to individual users. Areno originally was a salaried account manager for

---

[1] 130 So. 3d 888 (La. 2013).

[2] 180 So. 3d 285 (La. 2015).

Redguard, but later decided to become an independent dealer of its products. He formed ISM for the purpose of conducting business as one of Redguard's dealers.

In 2013, ISM and Redguard executed two written dealership agreements. The first authorized ISM to sell custom "SafetySuite" blast resistant buildings for a 10% commission on the sales price. The second authorized ISM to lease non-SafetySuite blast resistant buildings from Redguard for the purpose of subleasing those buildings to third persons, with ISM agreeing to pay Redguard 70% of the sublease rental amount. Areno executed these agreements on behalf of ISM.

In September 2016, ISM ceased doing business, owing Redguard $351,257.25, which represents unpaid rentals under the second dealership agreement (the "Debt"). In August 2018, Areno filed for relief under Chapter 7 of the bankruptcy code.

Redguard filed this adversary proceeding seeking to hold Areno personally liable for the Debt, and further asserting that the Debt should be determined to be nondischargeable under 11 U.S.C. §§ 523(a)(4) (fraud, embezzlement, larceny) and 523(a)(6) (willful or malicious injury). To overcome the lack of contractual privity between the parties, Redguard asserts "alter ego" and "piercing the corporate veil" theories (collectively "veil piercing doctrines") to hold Areno personally liable for the Debt.[3] In support of these claims, Redguard alleges Areno "disregarded the separate corporate existence of ISM and its finances to fund his personal lifestyle and financial needs," including payment of his personal expenses from ISM's funds, which Redguard claims were contractually owed to Redguard.[4] Redguard also contends that Areno knowingly diverted certain funds from ISM to himself for improper, personal purposes, which constitutes embezzlement.[5] Areno answered the Complaint, denying the allegations and asserting several affirmative defenses.

---

[3] Redguard also asserted the state law theory of "single business enterprise" as a basis to recover the Debt. Redguard has conceded that this theory is inapplicable based on the facts and circumstances present in this case.

[4] ECF #1, ¶ VII.A.

[5] ECF #1, ¶ VII.B.

After the close of discovery, Areno filed the present Motion seeking dismissal of this case, primarily arguing that veil piercing doctrines do not apply to Louisiana LLCs.[6] His argument is based on § 12:1320(D), which he claims sets forth the sole and exclusive basis for imposing personal liability on LLC owners. He claims that the jurisprudentially created veil piercing doctrines alleged by Redguard do not fit within any of the statutory exceptions contained in § 12:1320(D), thereby requiring dismissal of this case. Areno acknowledges that the Louisiana Supreme Court has not directly considered this issue, thereby requiring this Court to make an "*Erie* guess" as to how the Louisiana Supreme Court would answer the question. He "suggests," based on *Ogea* and *Nunez*, that Louisiana's highest court "would not construe [§ 12:1320] to include the application of the jurisprudential doctrines of alter-ego/veil piercing. . ."[7]

In opposition, Redguard argues that veil piercing doctrines remain applicable to LLCs even after *Ogea* and *Nunez*, pointing to dicta in *Ogea* that addresses veil piercing with respect to LLCs, as well as decisions by Louisiana courts of appeal rendered both before and after *Ogea* and *Nunez* applying veil piercing doctrines to LLCs.

During the hearing on Areno's Motion, the parties conceded that if the Court finds that veil piercing doctrines apply to LLCs, then genuine disputes of material fact exist which preclude summary judgment. Thus, the sole question presented for decision is whether Redguard has asserted any viable grounds under Louisiana law to hold Areno personally liable for the Debt.

## *ERIE* GUESS

While the Bankruptcy Code will govern the determination of whether the Debt is nondischargeable, the threshold question of whether Areno can be held personally liable for the Debt will be determined by the substantive law of Louisiana. When a state's law governs a case heard by a federal court, that federal court must follow not

---

[6] Areno also moved for summary judgment based on his "consensual creditor" defense and on the merits.

[7] ECF #19.

only the statutes passed by the state's legislature, but also the law as explained by the state's highest court. *Aspen Specialty Ins. Co. v. Muniz Engineering, Inc.*, 514 F. Supp. 2d 972, 981 (S.D. Tex. 2007) (citing *Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938)). Thus, decisions of the relevant state's highest court bind the federal court. *West v. American Tel. & Tel. Co.*, 311 U.S. 223 (1940). The Louisiana Supreme Court has not considered the question presented here. Thus, "it is the duty of the federal court to determine as best it can, what the highest court of the state would decide." *Transcontinental Gas Pipe Line Corp. v. Transportation Ins. Co.*, 953 F.2d 985, 988 (5th Cir. 1992). In such situations, the federal court is making an "*Erie* guess." *See Howe ex rel. Howe v. Scottsdale Ins. Co.*, 204 F.3d 624, 627 (5th Cir. 2000) ("If the Louisiana Supreme Court has not ruled on this issue, then this Court must make an *Erie* guess and determine as best it can what the Louisiana Supreme Court would decide.") (internal citations omitted). To "predict" how a state's highest court would decide an issue, in addition to any governing statutes, the following factors should be considered:

> (1) decisions of the [Louisiana] Supreme Court in analogous cases, (2) the rationales and analyses underlying [Louisiana] Supreme Court decisions on related issues, (3) dicta by the [Louisiana] Supreme Court, (4) lower state court decisions, (5) the general rule on the question, (6) the rulings of courts of other states to which [Louisiana] courts look when formulating substantive law and (7) other available sources, such as treatises and legal commentaries.

*Centennial Ins. Co. v. Ryder Truck Rental, Inc.*, 149 F.3d 378, 381 (5th Cir. 1998); *see also Aspen Specialty Ins. Co.*, 514 F. Supp. 2d at 981.

Regardless of how a federal court analyzes the state statutes and the above factors, it "may not 'adopt innovative theories of state law,' but must 'apply that law as it currently exists.'" *Aspen Specialty Ins.*, 514 F. Supp. 2d at 982 (quoting *Galindo v. Precision American Corp.*, 754 F.2d 1212, 1217 (5th Cir. 1985)). If a state's law is to be changed, "it is up to the Supreme Court of [that state] and not [a federal] court to change . . . substantive law." *Cargill, Inc. v. Offshore Logistics, Inc.* 615 F.2d 212, 215 (5th Cir. 1980); *Aspen Specialty Ins. Co.*, 514 F. Supp. 2d at 982.

5

The relevant factors here are: La. R.S. § 12:1320, and the rationales and analyses underlying the Louisiana Supreme Court's interpretation of that statute in *Ogea* and *Nunez*; dicta by the Louisiana Supreme Court in *Ogea* concerning veil piercing doctrines; lower state court decisions that have considered the application of veil piercing doctrines to LLCs and their owners; and treatises and legal commentaries on the question.

**RELEVANT LAW**

Areno's motion puts La. R.S. § 12:1320 and the Louisiana Supreme Court's interpretation of that statute in *Ogea* and *Nunez* at issue. Redguard's response focuses on veil piercing doctrines as developed by Louisiana courts under Louisiana's corporation law and as applied to LLCs by Louisiana courts of appeal.

Louisiana R.S. § 12:1320 establishes both the general rule of limited liability for LLC members and the exceptions to the general rule. Relevant here are subparts (A), (B), and (D) of the statute.[8] Subpart (A) sets forth the exclusivity rule—i.e., that the liability of a member of an LLC is to be determined solely and exclusively by the provisions of the LLC statutes[9]:

> The liability of members, managers, employees, or agents, as such, of a limited liability company organized and existing under this Chapter shall at all times be determined solely and exclusively by the provisions of this Chapter.

Subpart (B) provides the general rule of nonliability of LLC members and managers:

> Except as otherwise specifically set forth in this Chapter, no member, manager, employee, or agent of a limited liability company is liable in

---

[8] Subpart (C) of § 12:1320 is not at issue in this case. It provides the general rule that members and managers of LLCs are not proper parties to a proceeding by or against an LLC, and the exceptions to that general rule: "A member, manager, employee, or agent of a limited liability company is not a proper party to a proceeding by or against a limited liability company, except when the object is to enforce such a person's rights against or liability to the limited liability company." La. R.S. § 12:1320(C).

[9] The "LLC statutes" and "Chapter" as referenced in §12:1320 mean the Louisiana Limited Liability Company Act, La. R.S. §12:1301–1370.

such capacity for a debt, obligation, or liability of the limited liability company.

Finally, subpart (D) identifies "fraud," "breach of professional duty" and "other negligent or wrongful act" as the exceptions to the general rule of nonliability of members and managers of LLCs:

> Nothing in this Chapter shall be construed as being in derogation of any rights which any person may by law have against a member, manager, employee, or agent of a limited liability company because of any fraud practiced upon him, because of any breach of professional duty or other negligent or wrongful act by such person, or in derogation of any right which the limited liability company may have against any such person because of any fraud practiced upon it by him.

La. R.S. § 12:1320(A), (B), and (D). Taken together, the above provisions indicate that the Louisiana legislature intended for members of LLCs, in their capacity as members, to enjoy limited liability with only those exceptions contained in the LLC statutes. And while there may be other provisions in the LLC statutes addressing a member's liability,[10] it appears the primary exceptions to the general rule of nonliability are contained in Subpart (D) of the statute: "fraud," "breach of professional duty," and "other negligent or wrongful act."

*Ogea*, provided the Louisiana Supreme Court with its first opportunity to examine § 12:1320. The court first observed that "the liability of a member of an LLC is to be 'determined solely and exclusively' under [§ 12:1320] and under any other provision of the Chapter of the Revised Statutes dealing with Louisiana's LLC law." *Ogea*, 130 So. 3d at 896, quoting § 12:1320(A). The court then described subpart (B) of the statute as establishing a "general rule" of non-liability of LLC members for debts of the company, with the general rule being subject to the three exceptions listed in subpart (D) of the statute: (1) "fraud," (2) "breach of professional duty," and (3) "other negligent or wrongful act." *Id.* at 897 (quoting § 12:1320(B) and (D)). Since these three exceptions are not specifically defined in the LLC statutes, the court

---

[10] *See, e.g.*, La. R.S. §12:1319(C), addressing a member's nonliability for an LLC's failure to maintain certain records and information.

looked to other sources of Louisiana law to provide meaning to these terms. It defined "fraud" in the context of the definition provided in La. Civ. Code art. 1953. *Id.* at 898. It explained that a "professional duty" likely means breach of a duty owed by a person operating within the structure of a profession recognized within the law of business entities in Louisiana, such as law or medical companies, although it left open the possibility that a licensed contractor could be a professional. *Id.* at 899-98. Third and finally, the court explained that the phrase "negligent or wrongful act" implies a broad range of conduct, including torts, crimes, and other generally bad behavior:

> Therefore, to accord the terms "negligent" act and "wrongful act" their commonly understood meaning while also respecting the general limitation of liability, we find the following four factors assist our inquiry: 1) whether a member's conduct could be fairly characterized as a traditionally recognized tort; 2) whether a member's conduct could be fairly characterized as a crime, for which a natural person, not a juridical person, could be held culpable; 3) whether the conduct at issue was required by, or was in furtherance of, a contract between the claimant and the LLC; and 4) whether the conduct at issue was done outside the member's capacity as a member.

*Id.* at 900-01. The court concluded its analysis with the following "observations" and holding:

> An LLC is a business entity separate from its members and the liability of members "as such" is governed "solely and exclusively" by the law of LLCs. *See* La. R.S. 12:1320(A). . . . However, as is readily apparent in La. R.S. 12:1320(B) and (D), the legislature did not allow an infinite shield against personal liability for individuals choosing to conduct their business through an LLC.
>
> Instead, in La. R.S. 12:1320(B), the legislature stated a general rule of limited liability. This general rule effectively operates as a presumption that the members are not personally responsible for the liabilities of the LLC beyond the member's capital contributions to the LLC. However, in La. R.S. 12:1320(D), the legislature has established the criteria for rebutting the presumption that members are not personally liable. Ms. Ogea failed to carry her burden at trial to rebut the presumption that Mr. Merritt is protected by a limitation of liability and is not personally liable in connection with home construction defects.

8

*Ogea*, 130 So. 3d at 906–07.

Under the Louisiana Supreme Court's reasoning in *Ogea*, § 12:1320(B) establishes a presumption that the members of an LLC are not personally responsible for the liabilities of the LLC, and § 12:1320(D) provides the grounds for rebutting this presumption. The court also provided a framework for considering whether the presumption has been rebutted in a given case.

In *Nunez*, the Louisiana Supreme Court applied the *Ogea* framework to answer the question left open in *Ogea*—whether the owner of a single member LLC, who was a licensed contractor, is a "professional" within the meaning of that term under § 12:1320. The court concluded that licensed contractors are not professionals within the context of the statute. Indeed, *Nunez's* primary significance is that it provided further guidance on the meaning of the "breach of professional duty" exception in § 12:1320(D) by clarifying *Ogea* to make it clear that "professional," means those professions identified in Louisiana's corporation statutes. The court also applied the *Ogea* framework to conclude that the owner of the LLC had not committed a "negligent or wrongful act" subjecting him to personal liability under the statute. In doing so, the court essentially restated its analysis in *Ogea*, summarizing its holding there as follows: "Therefore, limited liability of an L.L.C. member shall be construed as the general rule and personal liability as an exception strictly framed by the law." *Nunez*, 180 So. 3d at 290.

Shifting to the legal standards referenced in Redguard's opposition, veil piercing doctrines were originally developed as jurisprudential exceptions to the limited liability of shareholders in the corporate context. *See Riggins v. Dixie Shoring Co., Inc.*, 590 So. 2d 1164 (La. 1991) (finding that the corporate veil may be pierced when: (1) the corporation acts as an "alter ego" of the shareholders and the shareholders have used the corporation to defraud a third party, and/or (2) the shareholders have failed to observe corporate formalities to the extent the corporation ceases to be distinguishable from its shareholders). One of the primary policies

underlying the alter ego/veil piercing theories is to prevent an owner of an entity from using the business form to defraud creditors. The Louisiana Supreme Court stated:

> It [alter ego/veil piercing] usually involves situations where fraud or deceit has been practiced by the shareholder acting through the corporation. **LSA–R.S. 12:95**; *Dillman v. Nobles,* 351 So. 2d 210 (La.App. 4th Cir.1977); *Bossier Millwork & Supply Co. v. D. & R. Const. Co., Inc.,* 245 So. 2d 414 (La.App. 2d Cir.1971).
>
> * * * * *
>
> Louisiana courts are reluctant to hold a shareholder, officer, or director of a corporation personally liable for corporate obligations, in the absence of fraud, malfeasance, or criminal wrongdoing. **LSA–R.S. 12:93(B), 12:95**; *Deroche v. P & L Const. Materials, Inc.*, 554 So. 2d 717 (La.App. 5th Cir.1989); *Hemphill–Kunstler–Buhler, Auctioneers and Appraisers v. Davis Wholesale Elec.,* 516 So. 2d 402 (La.App. 1st Cir.1987); *Lone Star Industries, Inc. v. American Chemical, Inc.*, 461 So. 2d 1063 (La.App. 4th Cir.1984), *writ denied*, 465 So. 2d 738 (La.1985), *aff'd*, 480 So. 2d 730 (La.1986), *aff'd on rehearing*, 491 So. 2d 1333 (La.1986). . . .
>
> When a party seeks to pierce the corporate veil, the totality of the circumstances is determinative. *Harris v. Best of America, Inc.,* 466 So. 2d 1309 (La.App. 1st Cir.1985); *Liberto v. Villard,* 386 So. 2d 930 (La.App. 3d Cir.1980); *Smith–Hearron v. Frazier, Inc., supra. In order properly to disregard the corporate entity, one of the primary components which justifies piercing the veil is often present: to prevent the use of the corporate form in the defrauding of creditors.* . . .

*Id.*, at 1168-69 (emphasis added).

The Louisiana Supreme Court cited La. R.S. §§ 12:93(B) and 12:95 (both repealed in 2015) as the statutory basis for its conclusion that on the one hand shareholders enjoy limited liability, while on the other they may face personal liability if they use the corporate form to defraud creditors. *Id.* The Court observes that La. R.S. § 12:93(B) provided the general rule that shareholders are not liable for the debts of the corporation, and it was the source for the "general rule" of nonliability of members of LLCs as set forth in § 12:1320(B). *See* Glenn G. Morris and Wendell H. Holmes, *Limited Liability and Exceptions*, 8 La. Civ. L. Treatise, Business Organizations, § 44:6 (June 2019 update) (noting that the LLC statute copied

10

provisions from existing corporation statutes). Similarly, La. R.S. § 12:95, which provided that "nothing in the [corporation statutes] shall be construed as in derogation of any rights which any person may by law have against a . . . shareholder . . . because of any fraud practiced upon him. . ." is the source of the "fraud" exception in § 12:1320(D).[11]

Louisiana courts of appeal have historically applied veil piercing doctrines to LLCs. *See An Erny Girl LLC v. BCNO 4 LLC*, 257 So. 3d 212 (La. App. 4 Cir. 2018); *Hector v. Mo-Dad Envtl. Serv., LLC,* 134 So. 3d 133 (La. App. 3 Cir. 2014); *Charming Charlie, Inc. v. Perkins Rowe Associates, L.L.C.,* 97 So. 3d 595 (La. App. 1st Cir. 2012); *Bottom Line Equipment, L.L.C. v. BZ Equipment, L.L.C.,* 60 So. 3d 632 (La. App. 5 Cir. 2011); *ORX Resources, Inc. v. MBW Exploration, L.L.C.,* 32 So. 3d 931 (La. App. 4 Cir. 2010); *F.G. Bruschweiler (Antiques) Ltd. v. GBA Great British Antiques, L.L.C.,* 860 So. 2d 644 (La. App. 5 Cir. 2003); *Imperial Trading Co., Inc. v. Uter*, 837 So. 2d 663 (La. App. 2 Cir. 2002); *Hamilton v. AAI Ventures, L.L.C.,* 768 So. 2d 298 (La. App. 1 Cir. 2000).

*Charming Charlie* succinctly sets forth the veil piercing doctrine as it has been applied by Louisiana courts of appeal to LLCs. It starts by setting out the general rule that "a Louisiana limited liability company is a separate legal entity from its members," and "members of a limited liability company generally may not be assessed with personal liability for the debts and obligations of their limited liability

---

[11] Areno's brief states in a footnote that the statutory fraud exception is "separate and distinct" from the jurisprudential veil piercing doctrine of fraud, without citing any support for the proposition. (ECF #19 at p. 10 n.9). Given the similarities between both the statutory and jurisprudential rules in the corporate and LLC contexts, as demonstrated by the Louisiana Supreme Court's analysis in *Riggins*, this Court is not convinced that they are "separate and distinct," especially given Areno's failure to support and develop this point beyond that statement in a footnote. Moreover, some of the nonexclusive factors set forth in *Riggins* for determining whether a shareholder may be using the corporate form as an alter ego to defraud creditors—namely "1) commingling of corporate and shareholder funds; 2) failure to follow statutory formalities for incorporating and transacting corporate affairs; 3) undercapitalization; 4) failure to provide separate bank accounts and bookkeeping records; and 5) failure to hold regular shareholder and director meetings"—may also assist a court in determining whether a member of an LLC is using the company as an alter ego to defraud creditors. *See Riggins*, 590 So. 2d at 1168.

11

companies to third parties ***absent proof of fraud***." 97 So. 3d at 598 (citing La. R.S. § 12:1320) (emphasis added). The court continued:

> However, there are certain limited exceptions to the rule of non-liability of shareholders for the debts of a corporation, whereby the court may ignore the corporate fiction and hold the individual shareholders liable. *Riggins v. Dixie Shoring Company, Inc.,* 590 So. 2d 1164, 1168 (La. 1991). Moreover, ***the same policy considerations relevant to a determination of piercing the veil of a corporation also apply to a limited liability company***. [*Imperial Trading Co., Inc. v. Uter*, 837 So. 2d 663, 669 n.7 (La. App. 2002), *writ denied*, 840 So. 2d 578 (La. 2003)].
>
> Louisiana courts have allowed a piercing of the corporate veil under only two exceptional circumstances, namely, where the corporation is an alter ego of the shareholders and the shareholders have used the corporation to defraud a third party (the "alter ego" doctrine) and where the shareholders have failed to conduct a business on a "corporate footing" to such an extent that the corporation ceases to be distinguishable from its shareholders. *Riggins,* 590 So. 2d at 1168; *Imperial Trading Co.,* 837 So. 2d at 669–70. . . .
>
> Furthermore, Louisiana courts are reluctant to hold a shareholder, officer, or director of a corporation personally liable for corporate obligations, in the absence of fraud, malfeasance, or criminal wrongdoing. *Riggins,* 590 So. 2d at 1168; *Imperial Trading Co.,* 837 So. 2d at 670.

97 So. 3d at 598–99 (emphasis added).

Thus, while both the LLC and corporation statutes establish the general rule that a company's owners are shielded from personal liability, Louisiana courts have historically pierced the veil when the owners of a corporation or LLC treat the business essentially as an alter ego of themselves, notwithstanding, with respect to LLCs, the lack of any reference to the alter ego theory in § 12:1320(D). Put another way, when business owners disregard the business entity form, courts will also disregard the form, especially in cases where the owner has engaged in fraudulent activity. Indeed, the veil piercing cases indicate no individual may use the business form as a shield from liability for fraud or similar wrongdoing committed by the individual, but that situation is covered in § 12:1320(D).

The Court will now turn to an analysis of Areno's argument that § 12:1320, as interpreted by the Louisiana Supreme Court in *Ogea* and *Nunez*, forecloses the application of veil piercing doctrines to LLCs.

## ANALYSIS

As shown in the survey of Louisiana law above, Louisiana courts of appeal have historically applied veil piercing doctrines to LLCs and their members. Areno's Motion requires the Court to determine whether the Louisiana Supreme Court's interpretation of § 12:1320 changes this. According to Areno, the Louisiana Supreme Court established "that La. R.S. 12:1320D is an ***exclusive*** remedy for third persons seeking to hold an LLC member liable for debts or obligations of the LLC, and that the Section 1320D exceptions are narrowly construed against member liability." (ECF #19, emphasis in Areno's brief). Thus, since veil piercing doctrines are not in the statutory list of "exclusive remedies," he claims they do not apply to LLCs: "[T]here is little room to suggest that the Louisiana Supreme Court would recognize application of the non-statutory, expansive jurisprudential theories of alter-ego or veil-piercing within the confines of the *Ogea-Nunez* narrow construction of LLC member liability under Section 1320D." *Id.*

The Court disagrees. First, neither *Ogea* nor *Nunez* directly or impliedly reject the application of veil piercing doctrines to LLCs. Moreover, in briefly discussing veil piercing doctrines in *Ogea*, the Louisiana Supreme Court favorably referred to Louisiana courts of appeals decisions applying those doctrines to LLCs, noting that the policy underlying the application of the doctrines to corporations is the same for LLCs. Second, Louisiana courts of appeal have continued to apply veil piercing doctrines to LLCs post-*Ogea* and *Nunez*. Third, Louisiana treatises also recognize that the same policy considerations in piercing the veil of a corporation apply to LLCs. For these reasons, the Court will deny Areno's motion.

### *Ogea* and *Nunez* do not directly or impliedly reject the application of veil piercing doctrines to LLCs.

Early in its analysis in *Ogea*, the Louisiana Supreme Court noted that the plaintiff had not invoked veil piercing doctrines as a basis to recover from Mr. Merritt, the owner of the LLC, and for that reason it was limiting its analysis to § 12:1320. The court nonetheless cited with approval cases finding that veil piercing doctrines may be used to hold LLC owners liable for company debts:

> However, in narrowly defined circumstances, when individual member(s) of a juridical entity such as an LLC mismanage the entity or otherwise thwart the public policies justifying treating the entity as a separate juridical person, the individual member(s) have been subjected to personal liability for obligations for which the LLC would otherwise be solely liable. ***When individual member(s) are held liable under such circumstances, it is said that the court is "piercing the corporate veil."*** See, e.g., *Charming Charlie, Inc. v. Perkins Rowe Associates, L.L.C.,* 11–2254, p. 6 (La. App. 1 Cir. 7/10/12), 97 So. 3d 595, 598.
>
> Piercing the corporate veil is largely a jurisprudential doctrine. *See Riggins v. Dixie Shoring Co., Inc.,* 590 So. 2d 1164, 1167 (La. 1991) (collecting and discussing cases of veil piercing as to corporations). Furthermore, ***it is a doctrine that has neither been relied upon by the lower courts in the instant case, nor invoked by the plaintiff.*** . . .

*Ogea*, 130 So. 3d at 894–95 (footnotes omitted, emphasis added).

In footnote 4 the *Ogea* court favorably quoted *Charming Charlie* to explain the basis for veil piercing and then noted: "The [*Charming Charlie*] court stated: ***'[T]he same policy considerations relevant to a determination of piercing the veil of a corporation also apply to a limited liability company.'*** *Id.* Accordingly, the court granted the plaintiff leave to amend the pleadings to state a cause of action by which the veil of an LLC might be pierced." *Id.* at 895 n.4 (quoting *Charming Charlie*, 97 So. 3d at 599–600) (emphasis added). In footnote 5 of the opinion, the Court stated without any qualification: "Piercing the corporation or company veil results in personal liability of the owner of the corporation or LLC." *Id.* at 895 n.5.

14

In the face of these comments by the Louisiana Supreme Court, Areno states that they are of "very little, if any, authority upon which to make an *Erie* guess." (ECF #19). Again, the Court disagrees. Dicta from a state's supreme court is one of the primary factors for a federal court to consider in making an *Erie* guess. *See Centennial Ins. Co.*, 149 F.3d at 381. And the Louisiana Supreme Court's statements in both the body and the footnotes of the *Ogea* opinion suggest that the court would not have had any compunction in applying veil piercing doctrines to the facts of that case had they been asserted by the plaintiff. Simply put, *Ogea* does not hold, either directly or indirectly, that veil piercing doctrines no longer apply to LLCs.

Neither does *Nunez*. In fact, the terms "alter ego" and "piercing the corporate veil" are not mentioned anywhere in the opinion, and the opinion does not mention any facts that would have triggered the application of those doctrines. Rather, *Nunez* involved only the question of whether contracting is a recognized profession, and whether the defendant LLC member's failure to complete a job to the customer's satisfaction could result in his personal liability under the "breach of professional duty" or "other negligent or wrongful act" exceptions in § 12:1320(D).

In sum, the Louisiana Supreme Court was not required to consider the question of whether veil piercing doctrines apply in the LLC context in either *Ogea* or *Nunez*. There is nothing in these opinions that would lead this Court to conclude that the Louisiana Supreme Court intended to abrogate veil piercing doctrines in the LLC context, either in those decisions or in the future. Indeed, *Ogea's* dicta leads to the opposite conclusion. Accordingly, this Court's best *Erie* guess is that the Louisiana Supreme Court would continue to apply veil piercing theories in the LLC context if faced with the question presented here.

**Louisiana courts of appeal continue to apply veil piercing doctrines to LLCs.**

Louisiana courts of appeal certainly do not view *Ogea* and *Nunez* as foreclosing the application of veil piercing doctrines to LLCs, as they have continued to apply those doctrines in the LLC context, citing *Ogea* as authority. For example, in *An Erny Girl LLC v. BCNO 4 LLC*, a Louisiana court of appeal stated:

15

> Holding an L.L.C. member personally liable for obligations of the L.L.C. is referred to as piercing the corporate veil. *Ogea v. Merritt*, 13-1085, p. 6 (La. 12/10/13), 130 So. 3d 888, 895. "With regard to the jurisprudential doctrine of 'piercing the corporate veil,' Louisiana courts have generally allowed this remedy when one of two exceptional circumstances exists." *Hodge v. Strong Built Int'l, LLC*, 14-1086, p. 4 (La. App. 3 Cir. 3/4/15), 159 So. 3d 1159, 1163. Firstly, if "the company is the 'alter ego' of the members and has been used to defraud third parties." *Id*. Secondly, if "the members have failed to conduct business on a 'corporate footing' such that it is not possible to distinguish the corporation from its managers." *Id*. The theory of piercing the corporate veil is applicable to limited liability companies as well as corporations. *ORX Res., Inc. v. MBW Expl., L.L.C.*, 09-0662, p. 6 (La. App. 4 Cir. 2/10/10), 32 So. 3d 931, 935.

*An Erny Girl LLC v. BCNO 4 LLC*, 257 So. 3d 212, 220-21 (La. App. 4 Cir. 2018). *See also Danos Tree Service, LLC v. Proride Trailers, LLC*, 255 So. 3d 1078, 1084 (La. App. 1 Cir. 2018) (applying veil piercing doctrines to an LLC post-*Ogea* and *Nunez*); *Fausse Riviere, L.L.C. v. Snyder,* 211 So. 3d 1188, 1192 (La. App. 1 Cir. 2017) ("[T]he supreme court acknowledged [in *Ogea*] that personal liability could be imposed on an LLC member under the jurisprudential doctrine of piercing the corporate veil."); *Hodge v. Strong Built Int'l, LLC*, 159 So. 3d 1159, 1163 (La. App. 3 Cir. 2015) (applying veil piercing doctrines post-*Ogea*); *Hector v. Mo-Dad Envtl. Serv., LLC,* 134 So. 3d 133 (La. App. 3 Cir. 2014) (same).

Decisions from a state's lower courts provide important guidance to federal courts when faced with making an *Erie* guess. *See Centennial Ins. Co.*, 149 F.3d at 381. The above decisions reiterate that the policy considerations for piercing the veil of a corporation are the same for LLCs, and they provide further support to this Court's conclusion that the Louisiana Supreme Court would apply veil piercing doctrines to LLCs if faced with this case.

**Treatise writers and other commentators recognize that veil piercing doctrines are applicable to LLCs and their members under Louisiana law.**

Treatises and legal commentaries should also be considered by federal courts when making an *Erie* guess. *See Centennial Ins. Co.*, 149 F.3d at 381. Louisiana

commentators who have examined veil piercing doctrines in the LLC context have generally indicated that those doctrines apply to LLCs. These writers recognize that the LLC form of business is intended to provide owners with the benefits of "flow-through taxation of a partnership," while at the same time providing "limited liability for members." *See* Thomas Bourgeois*, Mirror, Mirror: Amending Louisiana's LLC Statutes Related to Personal Liability of Members to Reflect Corporate Counterparts After* Ogea v. Merritt*,* 76 La. L. Rev. 1339, 1345 (2016) (referred to hereafter as the "Bourgeois Article"). Put another way, limited liability companies are designed to provide owners with the best of two worlds—the benefits of pass through taxation and the same limited liability protections enjoyed by shareholders of corporations.

Given the similarity between corporations and LLCs with respect to limited liability, one treatise has noted that "the same policy considerations in piercing the veil of a corporation apply to an LLC." Susan Kalinka, Jeffrey W. Koonce, and Philip T. Hackney, *Members and Membership Interests—Piercing the Veil of a Limited Liability Company*, 9 La. Civ. L. Treatise & Partnership and Bus. & Tax Plan, § 1:32 (4th ed., Nov. 2019 update). As noted above, Louisiana courts, including the Louisiana Supreme Court, have relied upon this statement from the treatise to support their conclusions that veil piercing doctrines apply to LLCs. *See Ogea,* 130 So. 3d at 895, n.4, quoting *Charming Charlie*, 97 So. 3d at 599–600 (quoting *Imperial Trading Co., Inc. v. Uter*, 837 So. 2d 663, 669 n.7 (La. App. 2 Cir. 2002), *writ denied*, 840 So. 2d 578 (La. 2003), and citing Susan Kalinka, *Louisiana Limited Liability Companies and Partnerships,* § 1.32, pp. 80–81 in 9 La. Civ. L. Treatise & Partnership and Bus. & Tax Plan (3rd ed. 2001)); *see also* § 44:6, n.12, *Limited Liability and Exceptions*, 8 La. Civ. L. Treatise, Business Organizations (June 2019 update) ("The [*Ogea* court] acknowledged the possibility of 'piercing the veil' of the LLC.").

Finally, the entire premise of the Bourgeois Article is that § 12:1320 should be revised and amended to mimic the corporation statutes, as the article points out was the original intent, to make it clear that only veil piercing doctrines can be utilized to hold owners of LLCs liable for debts of the company. According to the Bourgeois Article, as Louisiana law currently stands, the personal liability of members of

17

Louisiana LLCs is more expansive than that faced by shareholders of corporations because LLC members face not only liability based on veil piercing doctrines but also the exceptions contained in § 12:1320. Thus, he contends § 12:1320 should be amended to "clarify that LLC members should be treated the same as corporate shareholders for purposes of personal liability." 76 La. L. Rev. at 1381. Taken together, the treatises and other legal commentaries support this Court's *Erie* guess that veil piercing doctrines apply to Louisiana LLCs and their members.

## CONCLUSION

The *Erie* guess factors considered by this Court overwhelmingly lead to the conclusion that if the Louisiana Supreme Court were faced with the question presented here, it would continue to apply veil piercing doctrines in the LLC context, just as Louisiana courts of appeal have historically done, both before and after the *Ogea* and *Nunez* decisions. There is nothing in *Ogea* or *Nunez* even hinting that the Louisiana Supreme Court intended to abrogate these doctrines in the LLC context. Indeed, dicta in *Ogea* suggests the opposite. The relevant factors so overwhelmingly support the conclusion that veil piercing doctrines apply to LLCs that if this Court were to hold otherwise, it would likely be viewed as attempting to change Louisiana law, which the Fifth Circuit has admonished federal courts not to do when making an *Erie* guess. *See Cargill, Inc.*, 615 F.2d at 215. For these reasons, Areno's Motion for Summary Judgment is denied.